FRANK W. WHITE *vs.* LLEWELLYN W. SAVAGE, and another.

Androscoggin.     Opinion May 11, 1900.

*Judgment. Former Action. Estoppel. Pleading.*

The defendants recovered judgment against the plaintiff in the Bangor Municipal Court upon a writ containing an account annexed for items of merchandise, and also a count for money had and received. The plaintiff brings this suit against the defendants for an alleged breach of a contract of bailment, claiming that the merchandise, the price of which was sued for and recovered in the former action, was left with him on sale by the defendants, he agreeing to account for such portions of the merchandise as should be sold by him and to return to the defendants such portion thereof as he should not sell.

*Held;* that the judgment in the former suit is a bar to this and that, therefore, this action is not maintainable.

If the merchandise was left with the plaintiff on sale, he could have proved that

fact in defense of the former action. If the merchandise or any portion of it, had been sold by the plaintiff, the defendants were entitled to recover therefor in the former suit under their count for money had and received.

ON EXCEPTIONS BY PLAINTIFF.

This was an action on the case for damages for breach of a contract of bailment. When the case came on to be heard, the defendant pleaded in bar a judgment of the Bangor municipal court, rendered in an action of assumpsit, brought to recover payment for the absolute sale and delivery of the goods which the plaintiff offered to show were the subject of the bailment covered by his written contract. The court ruled that the judgment referred to in the defendants' pleadings was a bar to the plaintiff's action and that the action could not be maintained.

To this ruling the plaintiff took exceptions.

Declaration. In a plea of the case, for that, whereas, hitherto, to wit, on the ninth day of February, in the year of our Lord one thousand eight hundred and ninety-eight, L. W. Savage, one of the defendants, and in behalf of said defendants, agreed in writing with the plaintiff that all goods which should be thereafter shipped from the defendants to the plaintiff, should be left on sale, and further agreed to and did consign certain goods of the defendants to the plaintiff, with the express and distinct understanding that they should be placed in the store of the plaintiff only as the property of the defendants, and not of the plaintiff, and that whatever of said goods were sold by the plaintiff, that he should account to the defendants therefor, and that the defendants should, at the plaintiff's request, take what was received for such sales, less a commission, and the balance of the goods unsold, to discharge any undertaking of the plaintiff in this behalf. And the plaintiff says that he has been and still is ready to account for all the goods so delivered to him by the defendants, and to return all goods unsold, as stipulated in the contract between them concerning the same; yet notwithstanding the agreement and contract so entered into by the defendants with the plaintiff, they thereafterwards brought a suit against the plaintiff as having purchased said goods outright, and summoned him to appear to some sort of a court in Bangor, with

reference thereto, and have taken a large amount of goods, to wit, the amount of two hundred and fifty dollars of the goods of the plaintiff, by force of a process issued by a court on account of said claim, and carried them away from the plaintiff's store, and the plaintiff says that in consequence of the contract of the defendants, and its breach, he has been greatly damaged in his reputation and in his business, in addition to the amount of goods which have been taken from him on account of the precept aforesaid, and has been put to great expense in consequence thereof, the whole damage amounting, as he says, to the sum of five hundred dollars.

*Geo. C. Wing,* for plaintiff.

Counsel cited: *Ressequie* v. *Byers,* 52 Wis. 650; *Bodurtha* v. *Felon,* 13 Gray, 413; *Bascom* v. *Manning,* 52 N. H. 132; *Barker* v. *Cleveland,* 19 Mich. 230; *Mondel* v. *Steele,* 8 M. & W. 858.

This was an action of damages for breach of a contract to build a ship in a specified manner. The defendant pleaded a judgment in a former action for the price, in which the same breach of a contract was pleaded, and a deduction was made from the price on account thereof. Held, that the plaintiff might still recover for damage accruing subsequent to delivery of the ship. Park, B., said,—" It must, however, be considered that in all these cases that goods sold and delivered with a warranty, and work and labor, as well as the goods, agreed to be supplied according to a contract, the rule which has been found so convenient is established, and that it is competent for the defendant in all of these, not to set off by a proceeding in the nature of a cross action, the amount of damages which he has sustained by a breach of the contract, and to the extent that he obtains, or is capable of obtaining an abatement of price on that account, he must be considered as having received satisfaction for the breach of the contract, and is precluded from recovering in another action to that extent, but to no more. This case was recognized in *Riggs* v. *Burbridge,* 15 Id. 598, which was an action for negligent construction of a kitchen range, and the defendant pleaded payment into court on an action for the price, of a sum which the plaintiffs took out in satisfaction. Held, no estoppel.

A former judgment is conclusive only as to matters directly in issue in the former suit, and not as to collateral matters. *Many* v. *Harris*, 2 Johns. 24, (3 Am. Dec. 386); *King* v. *Chase*, 15 N. H. p. 9, (41 Am. Dec. p. 675).

Nothing is to be deemed in issue, although controverted upon the trial, except the matter upon which the plaintiff's action proceeds, and which is controverted by the defendant's pleadings. *Smith* v. *McCool*, 16 Wall. 463, and cases reviewed in *Taylor* v. *Dustin*, 43 N. H. 493.

In *Griffin* v. *Seymour*, 15 Ia. 30, Baldwin, C. J., in his opinion, says,— "In order to enable the defendant to interpose the plea of a prior adjudication successfully, it must be made to appear that the actual point in issue between the parties has already been determined, and such determination or decision must have been upon the merits."

In *Fairfield* v. *McManey*, 37 Ia. 77, it is held that a recovery at law on the rights of action against which the defendant held a claim available as a defense, is not a bar to a subsequent action thereon by the defendant. And this same doctrine is held by APPLETON, C. J., in *Lord* v. *Chadbourne*, 42 Maine, 429, and *Howard* v. *Kimball*, 65 Maine, 330.

*Geo. E. McCann*, for defendants.

In this case the precise point relied upon by the plaintiff was determined by the former judgment in the Bangor Municipal court. The point there necessarily decided was were these goods "sold and delivered to this plaintiff"? If they had been consigned goods the question could not have been decided as it was. The question between sale and consignment was inevitably the question which was settled by that judgment. It can make no difference that the judgment in the Bangor municipal court was obtained by a default, and that the question there involved was not decided after a contest. A judgment by default amounts to a confession on the part of the defendant of all the material facts of the complaint. *Rowe* v. *Table Mt. Water Co.*, 10 Cal. 441.

A default after notice admits every material allegation, properly set forth in the declaration. *Toppan's Petition*, 24 N. H. 43.

Further than that, it admits every ground upon which a recovery is sought. *Mass. Mut. Life Ins. Co.* v. *Kellogg*, 82 Ill. 614.

A judgment by default in an action for goods sold and delivered operates as an admission of the defendant of a cause of action. *Parker* v. *Smith*, 64 N. C. 291.

A judgment by default for want of a plea in an action of assumpsit, where the account was filed in the declaration, was held an admission of indebtedness for the articles charged. *Paterick* v. *Ridgaway*, 4 Har. & J. (Md.) 312.

Where a judgment in a personal action, whether rendered on default or after contestation, is rendered by a court of competent jurisdiction, and is not obtained by fraud or collusion or erroneously or unlawfully entered up, it is conclusive as to the relation of debtor and creditor between the parties, and the amount of indebtedness, and cannot be collaterally impeached.

Counsel also cited: *Holmes* v. *Kennison*, 20 Johns. 268; *Loring* v. *Mansfield*, 17 Mass. 394; *Hollister* v. *Abbott*, 31 N. H. 442; *Wilbur* v. *Gilmore*, 21 Pick. 250; 1 Herman, Estop. and Res. Jud. §§ 265, 277, and pp. 308, 309.

SITTING: EMERY, HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

FOGLER, J. This is an action on the case to recover damages for an alleged breach of a contract of bailment.

The defendants recovered judgment against the plaintiff in the Bangor municipal court for $25.80 on a writ containing an account annexed for items of merchandise amounting to $25.80 and also a count among others, for "money had and received."

In the present suit for damages the plaintiff alleges in his writ, and introduces a memorandum of contract tending to show that the goods for which the defendants recovered this judgment in the Bangor municipal court were not in fact sold to the plaintiffs by the defendants, but were consigned to him and left in his store " on sale," with the understanding that they should remain the property of the defendants and be accounted for when sold. He alleges that

he was ready to account for all goods thus delivered to him and to return any goods unsold; that in enforcing their judgment against him the defendants took and carried away a large quantity of his goods; "and that in consequence of the contract of the defendants and its breach, he has been greatly damaged." The presiding justice ruled that the judgment of the Bangor municipal court was a bar to the plaintiff's action, that this action could not be maintained, to which ruling the plaintiff excepts.

There are insuperable objections to the maintenance of the plaintiff's action.

In the first place it is not distinctly averred in the declaration nor shown by evidence that any of the goods in question alleged to have been consigned to the plaintiff remained unsold; nor is it expressly averred, even in general terms, that there had been any breach by the defendants of the alleged contract of bailment. Nor does it appear from the records of the Bangor municipal court, or from any other evidence in the case, that the judgment recovered by the defendants was necessarily based on the account for goods sold and delivered. For aught that appears there may have been satisfactory evidence before that court that the goods described in the account annexed had all been sold by the plaintiff, and the judgment may accordingly have been rendered on the count for money had and received. In that event it is plain that the institution of the suit by these defendants and the enforcement of the judgment recovered in that action, would not have been in violation of the terms of the alleged contract of bailment, but only in affirmation of it, and the plaintiff would not be aggrieved.

It is immaterial that the judgment in that case was finally rendered on default. It appears from the record that this plaintiff was duly subjected to the jurisdiction of that court by appearing as the party defendant and answering to the suit. He had full opportunity to present his defense and meet the case of the plaintiffs in that action by showing that the goods had not all been sold. If there was a contract of bailment in force between the parties at that time, the judgment by default operated as an admission that the goods had all been sold and that he was accountable for the full

amount of the money received by him.   Upon that issue the judgment of the Bangor municipal court would have been final and conclusive between the parties.   Freeman on Judgments, § 256; *Parks* v. *Libby*, 90 Maine, 56.

But secondly, if the plaintiff's declaration in this case could be construed to signify inferentially that some of the goods consigned to the plaintiff remained unsold at the date of the action in the Bangor municipal court, and that the contract of bailment set up by him was still subsisting at that time, if it be assumed that the judgment in that suit was based on the account annexed for goods sold and delivered, it is equally clear that the question of bailment raised by the plaintiff's declaration in this case was directly involved and necessarily decided in the former suit in the Bangor municipal court, and that the judgment rendered in that action is a bar to the maintenance of this one.   On the plaintiff's theory that the defendants in this action sought to recover and did recover in the former suit for the articles charged in the account annexed as for goods sold and delivered to the plaintiff, when in fact they remained on sale and remained the property of these defendants under the special arrangement of the parties, it is manifest that proof of such a contract of bailment would have been a complete defense to the action.   If the articles sued for were only consigned to this plaintiff to be sold by him as the property of these defendants, they were not "sold and delivered to this plaintiff;" and if they were not "sold and delivered," and the title did not pass, these defendants were not entitled to recover the price of them as for goods sold and delivered.   In the plaintiff's view of the case the question of bailment was therefore necessarily involved and finally adjudicated in the former suit.   The judgment rendered in that case is conclusive as to the relation of debtor and creditor between these parties, and as to the amount of the indebtedness.   There is no suggestion of fraud or collusion, want of jurisdiction or error in law.   That judgment remains unreversed and it cannot be collaterally impeached in the manner proposed.   *Sidensparker* v. *Sidensparker*, 52 Maine, 481; *Smith* v. *Abbott*, 40 Maine, 442; *Embden* v. *Lisherness*, 89 Maine, 578; *Morrison* v. *Clark*, 89 Maine, 103; *Parks* v. *Libby*, 90 Maine, 56; Bigelow on Estoppel, 27.

In this view of the case, also, the judgment is not less conclusive because obtained by default after an appearance by the defendant. By submitting to a default, the defendant in that case admitted every material averment in the declaration and every ground upon which a recovery was sought.

The plaintiff cannot recover damages for the breach of a contract of bailment which has been judicially determined to have had no existence in fact.

*Exceptions overruled.*